IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE LUIS YANEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil Case No.   12-cv-315-DRH |
| | ) |
| J. CROSS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is Petitioner Jose Luis Yanez's § 2241 petition for a writ of habeas corpus (Doc. No. 1).  Yanez filed this action while he was confined at FCI-Greenville.  He is now confined at FCI-Butner, in North Carolina.  He challenges a conviction and sentence imposed in the United States District Court for the Central District of Illinois in 1992.

Yanez raises the following grounds for habeas relief:

Ground 1: That Yanez was charged for a crime committed in a land other than his native land of Mexico, and was prosecuted without being advised of his right to request a hearing under Article 36 of the Vienna Convention;

Ground 2: That Yanez appeared in the courts of the United States without being advised of his right to an interpreter and without an interview to determine whether he was aware of rights or whether he knowingly and intelligently waived those rights by pleading guilty;

Ground 3: That Yanez may now be transferred to Mexico to serve his criminal

sentence, due to a change in Mexico law; and

Ground 4: That Yanez qualifies for compassionate release due to his current health condition.

The Court concludes that the petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

The first two grounds challenge the validity of Yanez's criminal conviction, while the third ground seeks an order modifying his criminal sentence. To the extent Yanez presents cognizable grounds for release from confinement, Grounds 1-3 must be presented in the district where the sentence was imposed. 28 U.S.C. § 2255. Because Yanez previously filed a § 2255 motion (Doc. No. 1p. P. 3), he must obtain appellate certification before he may proceed on a successive § 2255 motion. 28 U.S.C. § 2255(h).[2]

The fourth ground does not state a cognizable claim for habeas relief. 28 U.S.C. § 2241(c). Yanez may raise his argument in favor of compassionate release by application to the warden of his current institution. The warden – upon finding good cause – will make an appropriate motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Because Yanez represents in his petition that this is "the initial action," the Court infers that the option to apply to the warden remains available to him (Doc. No. 1, p. 4).

At this time, this Court has no jurisdiction to evaluate Yanez's habeas claims.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the Rules to other habeas corpus cases.

[2] Yanez does not suggest that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e).

This action is DISMISSED without prejudice to Yanez's right to (a) seek authorization from a panel of the appropriate Court of Appeals to file a successive § 2255 motion and (b) present his request and argument for compassionate release to the warden of his current institution.

    **IT IS SO ORDERED.**

    **Signed this 10th day of August 2012.**

Digitally signed by David R. Herndon
Date: 2012.08.10
11:55:14 -05'00'

    **Chief Judge**
    **United States District Court**